IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANIL MANN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-00846-L-BT |
| | § | |
| **WARDEN PRAIRIELAND DETENTION CENTER; U.S. IMMIGRATION AND CUSTOMS ENFORCMENT; ENFORCEMENT REMOVAL OPERATIONS; and DEPARTMENT OF HOMELAND SECURITY,** | § § § § § § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner Anil Mann's (Petitioner) Motion for Temporary Restraining Order and Preliminary Injunction ("the Motion") (Doc. 2) filed on March 17, 2026. After considering the Motion, pleadings, and applicable law, the court **denies** Petitioner's Motion.

## I. Background

Petitioner, a native and citizen of India, entered the United States without admission or parole in 2021. Doc. 1-2 at 5. He was apprehended and placed in removal proceedings. *Id.* Petitioner was released in 2021 but was re-detained earlier this year for his removal proceedings. *See id.*; Doc. 1 at 5.

On March 17, 2026, Petitioner filed a habeas petition under 28 U.S.C. § 2241. Doc. 1. Petitioner is currently detained without a bond hearing under 8 U.S.C. § 1225(b)(2) and alleges his confinement is unlawful because the lack of an individualized custody determination violates the Fifth Amendment's Due Process Clause; his detention is arbitrary and excessive and no longer tied

to any legitimate purpose; and his conditions of confinement are unconstitutional. Doc. 1 at 6-8. He seeks release from detention or a "constitutionally adequate bond hearing." *Id.* at 9.

Petitioner filed the Motion with the underlying petition. The Motion argues that a temporary restraining order is warranted because Petitioner's "continued detention presents a substantial risk or serious and irreversible harm." Doc. 2 at 2-3. Specifically, Petitioner alleges that he is experiencing "severe and escalating mental health deterioration, including suicidal ideation, significant weight loss, and profound emotional distress" because of his confinement. *Id.* at 2. Though Petitioner admits that he has "informed detention staff of his condition and has been prescribed medication," he fears that he may harm himself if he remains detained. *Id.* at 5. The Motion seeks release from confinement or a "constitutionally adequate bond hearing." *Id.* at 8. The parties agreed to consolidate the Motion with the underlying habeas petition, which remains pending, but the court now finds it appropriate to address the Motion individually.

## II. Legal Standard

A temporary restraining order preserves the status quo at the time the lawsuit was filed and prevents irreparable harm to the movant so that a court can "render a meaningful decision after a trial on the merits." *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-cv-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To warrant the extraordinary relief of a temporary restraining order, the movant must show:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

Preliminary relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is an inappropriate vehicle for granting ultimate relief. *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025). A court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or temporary restraining order. *See*, *e.g.*, *Torres Perez v. Warden of Prairieland Det. Ctr.*, No. 3:26-cv-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026) (Brown, J.); *see also Cano Alvarez v. S. La. Processing Ctr.*, No. 26-cv-696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.") (citations omitted).

**III. Discussion**

Here, Petitioner does not seek to maintain the status quo pending resolution of his habeas petition (Doc. 1). Rather, he seeks immediate release from confinement or a bond hearing, which is the ultimate relief sought in his habeas petition. *See* Doc. 1 at 9; Doc. 2 at 7. That is an inappropriate use of injunctive relief, so the court must deny Petitioner's Motion.

Further, to the extent that Petitioner's alleged irreparable harm relates to his conditions of confinement, conditions of confinement claims are not cognizable in a habeas proceeding and cannot serve as the basis for release from confinement. *See*, *e.g.*, *de Leon v. Ladwig*, No. 6:23-cv-1884, 2026 WL 19095, at *6 (W.D. La. Jan. 2, 2026) ("In the Fifth Circuit, conditions of confinement are not cognizable under habeas.") (citing *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976)); *see also Beswick v. Barr*, No. 5:20-cv-98-DCB-MTP, 2020 WL 3520312, at *2 (S.D. Miss. June 29, 2020) ("Petitioner cannot obtain release from detention on the grounds that his conditions of confinement are unconstitutional.").

## IV. Conclusion

Accordingly, for these reasons, the court **denies** Petitioner's Motion (Doc. 2). The habeas petition **remains** pending.

**It is so ordered** this 2nd day of September, 2026.

Sam A. Lindsay
United States District Judge